FILED
MAY 0 4 2010 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# In The
# United States District Court
## For the Northern District Of Illinois, Eastern Division

| | | |
|---|---|---|
| JOHN F. TAMBURO | ) | **CIVIL COMPLAINT WITH A** |
| *Plaintiff* | ) | **JURY DEMAND** |
| | ) | |
| -against- | ) | |
| | ) | 10cv2748 |
| NCO FINANCIAL SYSTEMS, INC. | ) | Judge Rebecca R. Pallmeyer |
| | ) | Magistrate Sidney I. Schenkier |

NOW COMES BEFORE THIS HONORABLE COURT your Plaintiff, John F. Tamburo ("John"), appearing *pro se* and complaining as follows of the defendants named hereinabove:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

2. This action further seeks damages under Illinois law for civil offenses.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

4. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. This court properly exercises general personal jurisdiction over the Defendant because it sends numerous written and electronic communications to Illinois citizens in order to collect money from those citizens, alleged to be consumer debts under United States and

1

Illinois law, whether or not said money is actually due from the consumer. In so doing, Defendant intentionally transacts business within Illinois. 735 ILCS 5/2-209(a)(1).

6. Defendant, NCO FINANCIAL SYSTEMS, INC., has submitted itself to the jurisdiction of the courts in Illinois inasmuch as it has registered with the Illinois Department of Professional Regulation as a collection agency, evincing its intent to transact continuing business within Illinois. 735 ILCS 5/2-209(a)(1).

7. This court properly exercises specific personal jurisdiction over the Defendant because it intentionally transmitted harassing telephone calls to the Plaintiff at his Illinois residence. Said activity is tortious, causing damage to an Illinois citizen, is intended to affect Plaintiff and his Illinois interests, and is thus a tort committed in Illinois. 735 ILCS 5/2-209(a)(2).

8. This court properly exercises specific personal jurisdiction over the Defendant because it transmitted collections communications to the Plaintiff in Illinois.

9. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## THE PARTIES

10. John is an Illinois citizen and resident of Frankfort, Will County, Illinois.

11. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation with offices at 507 Prudential Road, Horsham, Pennsylvania 19044. Its registered agent and office are CT Corporation System, 208 S. LaSalle St, Suite 814, Chicago, Illinois, 60604.

## THE FACTS

12. John is a "consumer" as defined in FDCPA. See 15 USC § 1692a(3).

13. NCO is a "debt collector" as defined in FDCPA. See 15 USC § 1692a(6).

14. The alleged debt which NCO attempted to collect from John was a "debt" as defined in FDCPA. See 15 USC § 1692a(5).

15. John's home telephone and voice mail are accessible to persons other than John.

16. John's outgoing voice mail announcement does not identify John, nor does it state that John is the only person who uses his home telephone line.

17. On March 12, 2010, at approximately 8:48AM Central time, NCO caused one if its employees to call John's home telephone to collect the alleged debt referred to in this complaint (the "FIRST CALL").

18. John was unable to answer his telephone line at the time, and the NCO employee left a message (the "FIRST MESSAGE").

19. With respect to the FIRST MESSAGE:

    a. The caller was female;

    b. The caller identified herself by name;

    c. The caller said that " This is an important call" from NCO;

    d. The caller said that NCO was a debt collector and the information obtained would be used for that purpose

    e. The caller asked to be called back on a toll free number, supplied that number and said to "mention reference number [redacted]."

    f. The caller then disconnected.

    g. At no time did the caller state who she was calling.

3

      h. At no time did the caller say "if this is not John Tamburo, please hang up or stop listening to this message," or any other language that would allow the person intercepting the FIRST MESSAGE to know who was its intended recipient.

20. On Saturday, March 13, 2010, at approximately 9:12AM Central Time, NCO caused a computerized program to call John's home telephone a second time (the "SECOND CALL").

21. John was unable to answer the telephone at the time, and the NCO computer left a message (the "SECOND MESSAGE").

22. The SECOND MESSAGE stated, in its entirety:

    "This is an important message from NCO Financial Systems, Incorporated. The law requires that we notify you that this is a debt collection company. This is an attempt to collect a debt, and any information obtained will be used for that purpose. Please call [pause] ED BLANCHARD [pause] back today at toll-free 1-800-688-7929. When calling us back, the reference ID is [redacted]. Thank you. Goodbye."

23. John returned NCO's call, and received an answering machine. Said answering machine's outgoing message stated that NCO had already closed for the day. John left a voice mail message (the "STOP CALLING MESSAGE"). In the STOP CALLING message:

    a. John stated, "Please do not call this number anymore. You dialed 815-464-5010."

    b. John stated that "It is inconvenient for me to receive telephone calls."

    c. John stated that his home telephone line was not exclusive to him.

    d. John stated that one of NCO's messages was heard by someone other than him.

  e. John demanded, "STOP CALLING ME."

24. Notwithstanding John's express notice to NCO that telephone calls were inconvenient to him and his express instruction to stop calling him, NCO called John's home telephone line again on numerous occasions, each time with a computer leaving an automated message substantially identical to the SECOND MESSAGE, or a person leaving a voice mail message substantially identical to the FIRST MESSAGE. None of these messages stated or implied that NCO sought to contact John.

25. NCO's telephone calls and voice mails, left contrary to John's clear instructions, persist to this day.

### COUNT ONE – FDCPA (1)

26. 15 USC § 1692c(b) states:

> "(b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

27. Every voice mail message left on John's telephone line by NCO is a "communication" as defined by FDCPA.

5

28. Not one of the messages left by NCO on John's telephone line identify the consumer who NCO is calling. However, NCO identifies itself as a collection agent, and furthermore, gives an account number in its voice mail message. It is therefore impossible for NCO's voice mail messages to comply with all provisions of FDCPA.

29. NCO knew from its employee's leaving the FIRST MESSAGE and at least one other voice mail message, and hearing John's outbound message that makes clear that John's telephone and voice mail are accessible to more than one person, that it was likely that someone other than John would hear its messages.

30. John did not give NCO permission to leave voice mail messages on his non-exclusive voice mail, or that could be heard by others who have access to John's voice mail.

31. NCO therefore committed a violation of FDCPA, and owes John $1000 in statutory damages, plus actual damages that will be shown at trial, plus costs, plus any attorney fees that John may incur in prosecuting this action.

### COUNT TWO – FDCPA (2)

32. 15 USC § 1692d(5) prohibits debt collectors from "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. 15 USC § 1692c(a)(1) prohibits a debt collector from contacting an alleged debtor "at any unusual time or place known or which should be known to be inconvenient to the consumer."

6

34. NCO received the STOP CALLING MESSAGE. In said message, John clearly stated that receiving phone calls was inconvenient, and NCO was on notice of that fact from that point forward.

35. NCO received the STOP CALLING MESSAGE. It clearly stated, "STOP CALLING ME." NCO was from that point on notice that further telephone calls would annoy, harass or abuse John.

36. Despite John's clear and unambiguous notice as given in the STOP CALLING MESSAGE, and knowing that its further calls would violate the sections of FDCPA set forth in this count, NCO nonetheless flouted those statutes. To wit:

    a. With intent to terrorize, harass, oppress, abuse, embarrass and intimidate John, NCO made repeated calls to John after the STOP CALLING MESSAGE.

    b. Every time NCO called John after the STOP CALLING MESSAGE, NCO, with intent to flout FDCPA, left voice mails without John's name on a non-exclusive voice mail that it knew or should have known to be non-exclusive.

    c. NCO intended its voice mail messages to be heard by third parties.

37. NCO flouted FDCPA as set forth in this count in an effort to embarrass and terrorize John into paying it the alleged debt it was collecting.

38. John has, as the proximate result of NCO's unlawful conduct as set forth in this count, suffered substantial emotional distress, manifesting in physical symptoms, and causing John both pecuniary and non-monetary damages.

39. NCO therefore committed a fourth and distinct violation of the two sections of FDCPA set forth in this count, and owes John $1000 in statutory damages, plus actual damages

that will be shown at trial, plus costs, plus any attorney fees that John may incur in prosecuting this action.

## COUNT THREE – ILLINOIS COLLECTION AGENCY ACT

40. NCO is licensed and regulated as a collection agency by the State of Illinois under license number 017001480.

41. When NCO collects from Illinois citizens, it is subject to the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 et. seq.

42. There exists a private right of action for violations of this section. Said private right includes the right to receive punitive damages.

43. NCO violated 225 ILCS 425/9(a)(15)(A) when it continued to call him repeatedly after John left the clear message "STOP CALLING ME," which NCO knew or should have known were inconvenient to John.

44. NCO violated 225 ILCS 425/9(a)(31) by engaging in dishonorable, unprofessional and unethical conduct, inasmuch as its voice mail messages flout FDCPA.

45. The aforementioned conduct by NCO violates the ICAA. NCO intended to violate the ICAA in order to terrorize John into paying it an alleged debt.

46. John has, as the proximate result of NCO's unlawful conduct as set forth in this count, suffered actual damages in terms of emotional distress and anxiety and increased medical bills to handle the physical effects thereof.

47. John is therefore entitled to actual damages as shall be proved at trial, and furthermore, punitive damages as the jury shall so assess.

48. John is furthermore entitled to an order referring this matter to the Illinois Department of Professional Regulation to open a disciplinary case to assess fines of at least $5,000 and up to $10,000 for each individual incident proved at trial where NCO violated Illinois law, and further to revoke NCO's license number 017021142 due to its outrageous conduct in this matter. See 225 ILCS 425/9.

### COUNT FOUR – ILLINOIS CONSUMER FRAUD ACT

49. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") is codified at 815 ILCS 505/1 et. seq.

50. NCO violated the ICAA as set forth hereinabove in Count Seven.

51. Violation of the ICAA is a per se violation of the ICFA, see 815 ILCS 505/2F.

52. John has been damaged by NCO's violations of the ICFA. John has suffered actual damages in terms of emotional distress and anxiety and increased medical bills to handle the physical effects thereof.

53. John is therefore entitled to actual damages as shall be proved at trial, and furthermore, punitive damages as the jury shall so assess.

9

## RELIEF

Wherefore, PREMISES CONSIDERED, John prays for all of the relief prayed in this complaint, plus all other relief that this honorable court may deem just and proper.

DATED ~~April 23, 2010~~ May 4 2010:

_____
John F. Tamburo
Plaintiff
PO Box 1656
Frankfort IL 60423
815-464-5010

## JURY DEMAND

NOW COMES Your Plaintiff, who respectfully demands trial by a jury.

DATED ~~April 23, 2010~~ May 4 2010:

_____
John F. Tamburo, Plaintiff

## DEMAND TO PRESERVE EVIDENCE

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff and any other consumer who may have similar claims, the events described herein, any telephone call, campaign, account, sale or file associated with plaintiff and any account or number or symbol relating to any of them. Plaintiff further demands that defendant obtain agreement from any third party to do the same -- if any third party refuses, you are directed to notify the undersigned immediately so that measures may be taken to avoid spoliation of any relevant or discoverable materials or information. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

DATED ~~April 23, 2010~~ May 4 2010:

_____
John F. Tamburo, Plaintiff